State *v*. Carver.

---

STATE *versus* GEORGE CARVER & al.

An indictment for compound larceny against A, as principal, will not be held defective because it contains allegations against other persons as accessories before the fact.

A motion in arrest of judgment will be sustained only for defects apparent on the record of the particular case.

Objections to the qualification of grand jurors can be taken only in *abatement*. By pleading generally, they are waived; they furnish no ground for arrest of judgment.

ON EXCEPTIONS to the rulings of RICE, J.

Carver and Lunt were tried upon the following indictment.

"The jurors for said State, upon their oath present, that George Carver, late of East Livermore, in the county of Androscoggin, and George Lunt, alias George W. Lunt, of Boston, Commonwealth of Massachusetts, at Fayette, in said county of Kennebec, on the twenty-sixth day of December,

in the year of our Lord one thousand eight hundred and sixty, with force and arms the store of one Howard B. Lovejoy, there situate, in the night time of the same day, feloniously did break and enter, and five pieces of Farmers' and Mechanics' cassimeres, of the value of twenty-four dollars, [and other articles not material to be described,] of the goods and chattels of the said Howard B. Lovejoy, then and there in the store aforesaid being found, then and there, in the night time, feloniously did steal, take and carry away, in the store aforesaid.

"And the jurors aforesaid, upon their oaths aforesaid, do further present that George E. Wilson, late of Boston aforesaid, and John B. Clapp, late of Roxbury, in said Commonwealth of Massachusetts, before said felony and larceny was committed, in manner and form aforesaid, to wit, on the twenty-sixth day of December, in the year aforesaid, at Hallowell, in said county of Kennebec, with force and arms did feloniously and maliciously incite, move, procure, aid, counsel, hire and command the said George Carver and George Lunt, alias George W. Lunt, the said felony and larceny, in manner and form aforesaid, to do and commit, against the peace of said State and contrary to the form of the statute in such case made and provided."

After verdict of guilty these respondents moved in arrest of judgment : —

1. Because it appeared by the venires that several persons acting upon the grand jury, which found the indictment, were not legally drawn as grand jurors, on account of defects in the manner of notifying the town meetings for the draft of said jurors, &c.

2. Because there is no sufficient indictment against them, and the indictment on which they were arraigned and to which they pleaded, was not in fact an indictment against them, but against George E. Wilson and John B. Clapp only.

3. Because said indictment, if any there was against them, is void for uncertainty and duplicity, and for containing a charge of two distinct offences against different persons in the same count.

The presiding Judge overruled this motion, and the defendants excepted.

*J. Baker* and *Gaslin*, for the respondents.

I. This indictment was not found by any legal grand jury, but only by an unauthorized body of men.

II. A motion in arrest of judgment is one legal mode of taking advantage of this defect.

The indictment is not merely *voidable*, but absolutely void—a mere blank piece of paper—issues from no authorized body of men, and of course no judgment can be rendered on it; nor can neglect, waiver, or even consent give it vitality or the Court jurisdiction.    4 Comyn's Dig., 644; 2 Tomlin's Law Dictionary, 291; 1 Chitty's Cr. Law, 661; 2 Heywood, (N. C.,) 113; 5 Dane's Ab., 228; 36 Maine, 128; 38 Maine, 200, 296; *Com.* v. *Parker & al.*, 2 Pick., 559; *Com.* v. *Smith*, 9 Mass., 109 and 110.

Not only what appears on the face of the indictment, but by the proceedings connected therewith, and making a part of the record, may be shown in arrest of judgment.    Of this latter description are the venires for the grand jury and the returns thereon, as much as the writ and returns in civil actions.    1 Caines, 583.

Even after *plea*, as well as after *verdict* of guilty, the motion may be sustained.

III. The indictment is insufficient on its face.

1. It is not an indictment against these defendants at all, but only against the accessories before the fact.    There is not one word in it that would not be necessary in an indictment against the accessories alone, and a judgment in this case would be no protection against prosecution.

2. Principal and accessories cannot be charged in one indictment.

*Drummond, Attorney General*, for the State.

I. The indictment is good.

1. Accessories may be indicted and tried with the principals.    R. S., c. 131, § 6.

This precise form of indictment is given in Train and Heard's Precedents, (p. 15,) in Wharton, and in Archbold, (Cr. Pl. & Pr., p. 77.)

2. The part relating to the other respondents may be rejected as surplusage, and leave an indictment in common form against these respondents.

II. The motion in arrest, on account of the informality in the drawing of the grand jury, cannot be sustained.

1. The objection comes too late. It must be taken in abatement. 1 Arch. Cr. Pl. & Pr., 340; *Rex* v. *Marsh*, 6 Ad. & E., 236. Such is the rule in this State:—*Fellows' case*, 5 Maine, 333; *State* v. *Burlingham*, 15 Maine, 104. In Massachusetts,—14 Mass., 205; 1 Pick., 38. In Connecticut,—*Smith* v. *The State*, 19 Conn., 493, 498. In New York,—*People* v. *Monroe*, 20 Wend., 108. In Texas, —*State* v. *Foster*, 9 Texas, 65; *Jackson* v. *State*, 11 Texas, 261. In Indiana,—*State* v. *Henley*, 7 Black., 161, 324; 6 Black., 248. In North Carolina,—*State* v. *Martin*, 2 Iredell, 101, 121; *State* v. *Underwood*, 6 Iredell, 96, (a capital case). In South Carolina,—*State* v. *Blackledge*, 7 Richardson, 327, in which the point is examined at length. In Tennessee,—*State* v. *Wills*, 11 Humph., 222. In Alabama,—*State* v. *Greenwood*, 4 Porter, 474; *State* v. *Middleton*, 4 Porter, 484. In Mississippi,—*McQuillen* v. *The State*, 8 Snedes & Mars., 587. See also 13 S. & Mars., 468, and *Cady* v. *State*, 3 Howard, 27.

In *State* v. *Symonds*, 36 Maine, 128, the decision is put expressly upon the ground that the objection is in abatement.

2. This objection cannot be taken on a motion in arrest of judgment.

It requires to be supported by proof; and on motions in arrest no proof can be admitted. *State* v. *Bangor*, 38 Maine, 592, and cases therein cited.

The opinion of the Court was drawn up by

DAVIS, J.—This was an indictment against Carver and

Lunt, as principals, and also against Wilson and Clapp, as accessories before the fact. The first two, only, appear to have been arrested. Upon arraignment they pleaded guilty, and afterwards their counsel filed a motion in arrest of judgment. This was overruled by the Court, and the case comes before us on exceptions.

We see no objection to the indictment itself which can avail the defendants, especially after the general plea of "guilty." The count against them as principals is sufficient in all respects; and, without intending to intimate that Wilson and Clapp may not be held upon the same indictment, we are clearly of the opinion that judgment may now be entered upon the pleas of the other defendants.

Another ground of the motion in arrest is, that the grand jury, by whom the indictment was found, were "not legally drawn, and had no power to act in the premises." This allegation is one of *fact*, as well as of *law*. The facts do not necessarily appear of record, though in this case the return upon one of the *venires* does show that one of the grand jurors had no authority to act as such. *State* v. *Clough, ante p.* 573. But neither the *venire*, nor the *return*, constitutes any part of the record of this particular case. The proceedings of the departments of the government, of counties and towns, and officers of counties and towns, are all brought into requisition in order to constitute the Court. Some of these are matters of record in the Court, of which judicial notice will be taken, without other proof. But, if pleaded, they are to be pleaded as matters of *fact* however proved. They are proceedings preliminary to the *organization* of the Court, and not proceedings of the Court after it is organized. A motion in arrest of judgment in any particular case does not necessarily bring them before us. They cannot be brought before us except by being pleaded specially; and they cannot be pleaded in such a motion with any more propriety than any other extrinsic facts.

A motion in arrest of judgment, in many of the States, is substantially a motion for a new trial, often for reasons

entirely extrinsic of the record. But, at common law, "judgment can never be arrested but for that which appears upon the record itself." *Peachy* v. *Harrison*, 1 L'd Raym., 232; S. C., 1 Salk., 77; *Sutton* v. *Bishop*, 4 Bur., 2283, 2287. The same rule prevails in this country. Such a motion can only be made "on account of some intrinsic defect, apparent on the face of the record, which would render the judgment in the case erroneous." Howe's Practice, 533; *Bedell* v. *Stevens*, 8 Foster, 118; *Burnett* v. *Ballard*, 2 N. & M., 435; *State* v. *Bangor*, 38 Maine, 592, and cases there cited.

That the "record" referred to in these decisions is the record *of the particular case under consideration* was expressly held in the case last cited. It was alleged in the motion that another indictment for the same offence was found at the same term of the Court. But it was decided that such a motion would not be entertained where *proof* was required to sustain it, though the proof was a matter of *record* in the *same Court*.

A motion in arrest presents only the sufficiency of the indictment. *State* v. *Nixon*, 8 Verm., 70. It is equivalent to a demurrer, and can be sustained only when all that is alleged in the indictment may be true, and yet the person convicted not have committed any offence. *State* v. *Hobbs*, 39 Maine, 212, and cases cited. And, even for defects which would be fatal to an indictment upon demurrer, if they are such as are aided by a verdict, judgment will not be arrested after conviction. *Commonwealth* v. *Tuck*, 20 Pick., 356.

Nor will judgment be arrested for anything that could have been pleaded in abatement.

By pleading generally to the indictment the defendant admits its genuineness, and waives all matters that should have been pleaded in abatement. The decisions to this point, both in England and in this country, are numerous. But it is urged that such cases are to be distinguished from the one at bar, because here the defendants deny that there

is any indictment, on the ground that there was no legal grand jury.

The question here presented has often been raised in this country, and it has uniformly been held that it is too late, after a verdict, to object to the competency of the grand jurors by whom the indictment was found, or to the mode of summoning or impanneling them. All such objections must be pleaded in abatement. The question is discussed at length in the case of *People* v. *Robinson*, 2 Parker's Cr. Rep., 235, where many of the American cases are collected. The Attorney General, in the case before us, has cited other cases where the same doctrine is held. And we are not aware of any cases where it has been called in question.

*The exceptions must be overruled.*

TENNEY, C. J., RICE, MAY, GOODENOW and KENT, JJ., concurred.