# CHARLESTON.

STATE *ex rel.* BILL WOODS v. F. M. REED, *J. P.*

Submitted January 30, 1923.    Decided February 13, 1923.

1. CRIMINAL LAW—*Have Jurisdiction to Set Aside Fatally Defective Verdict and Proceed to Final Trial and Judgment.*

    A justice of the peace in the trial of a criminal offense of which he has jurisdiction under chap. 50, Code, wherein a jury has been impaneled on demand of the accused, has power and jurisdiction to set aside a fatally defective verdict rendered therein, and proceed to a final trial and judgment. (p. 151).

2. SAME—*Verdict of Guilty in Justice Court Not Fixing Punishment Fatally Defective, But no Bar to Further Trial Upon Same Warrant.*

    In such case a verdict of guilty, which does not fix the punishment as required by the statute, is fatally defective and is no bar to a further trial upon the same warrant. (p. 152).

Application by the State, on the relation of Bill Woods against F. M. Reed, Justice of the Peace, for writ of prohibition.                    *Writ refused.*

*Eakle & Alderson,* for relator.

LIVELY, JUDGE:

The petitioner, Bill Woods, was tried before F. M. Reed, justice of the peace, and a jury of six, of Clay county, on

January 17, 1923, for carrying a revolver without license, upon the complaint of J. L. Legg. · The jury returned a verdict of guilty, but failed to fix punishment, as required by sec. 226 of chap. 50, Code. The jury was then discharged. Immediately thereafter, the defendant moved the justice in arrest of judgment, on the ground that the jury had failed to fix the penalty as required by said section, and the justice took until January 20th to consider, at which time he overruled the motion, and at the same time, on motion of the State, set aside the verdict and granted a new trial, and set the case for February 3rd; to which action of the court the defendant then and there objected and excepted. The defendant then applied to this court and was awarded this rule in prohibition.

Sec. 226, chap. 50, Code, requires the jury, if it finds the accused guilty, to ascertain the fine and term of imprisonment, if any, not exceeding ten days, unless the same be fixed by law. A justice of the peace has jurisdiction to try offenses of this character under sec. 219, chap. 50, Code, and the penalty prescribed by law, sec. 7, chap. 148, Code, is confinement in jail for not less than six months nor more than twelve months for the first offense, and a fine of not less than $50 nor more than $200, at the discretion of the court. The jury having failed to include in the verdict the punishment, what power has the justice to set the verdict aside? If in doing so he has exceeded or abused his jurisdiction, prohibition will lie. Petitioner claims that the justice had no power or authority to disturb the verdict, that his motion in arrest of judgment should have been sustained, and the case ended. If this be true, it would present the anomalous situation of a person convicted of a crime without possibility of punishment therefor. The case, like Mahomet's coffin, would be suspended between heaven and earth. Want of power in the justice to further proceed with the case is predicated on our decision in *ex parte Philip Gilbert,* 78 W. Va. 658, 90 S. E. 111. In that case a trial had been had before a justice without a jury for a misdemeanor under sec. 31, chap. 32a, Barnes' Code, judgment rendered and the prisoner placed

in custody of the sheriff. Afterwards the justice granted
the prisoner a new ·trial, and the sheriff refused to produce
the prisoner for a new trial. The prisoner applied for *habeas
corpus,* and this court decided that a justice had no power to
grant a new trial in a criminal case, where there had been
a conviction and sentence, and refused to discharge the pris-
oner. That case is quite different from the one we have here.
There has been no completed trial and no judgment. A trial
in a criminal case begins with the arraignment of the prisoner
and ends with 'the sentence pronounced upon him by the
court. *Gilligan* v. *Com.,* 99 Va. 816; 37 S. E. 962. Had the
justice pronounced judgment on the verdict his jurisdiction
would have been at an end. The statute requires the jury
.to fix the punishment. It is a duty imposed upon them as a
part of the verdict, and a verdict of guilty without com-
pliance with the statute is incomplete and defective. It has
been suggested 'that where such incomplete verdict is re-
turned, the court may pronounce judgment by imposing the
minimum term of punishment, or the minimum fine if the
punishment is by fine. But we think the court by so doing
would invade the province of the jury. It was held in *Mc-
Whirt's case,* 3 Grat. 594, that where the legislature had
given to the jury the power to fix the time for which the
prisoner should be confined, the exercise of a power by the
court to control or disturb the verdict in this respect would
be one of great responsibility; and which the court can never
be disposed to usurp. In some of the states, under their
statutes, where the jury is required to fix punishment and
fail to do so, the punishment may be imposed by the court.
*Stinson* v. *State,* 125 Ark. 339; *Conrad* v. *State,* 65 Ark. 559;
*State* v. *Taylor,* 261 Mo. 210; *State* v. *McDonough,* 232 Mo.
219; *In re Gomez,* 52 Mont. 189; *Bayless* v. *State,* 9 Okl. Cr.
27. But in *Ellis* v. *State,* 27 Tex. App. 190, it was held that
the court had no such authority, and could not reconvene the
jury after its discharge to correct a verdict which failed to
fix punishment.

A defective verdict is in effect a mistrial. The discharge
of a jury after they have rendered a verdict against a prison-

er, but which verdict is adjudged to be a nullity because it was not duly perfected, and thereupon set aside as insufficient, is no bar to a prosecution under the same or a new indictment. *Stewart* v. *The Commonwealth,* 28 Grat. 950. Cited and approved in *Stewart* v. *Com.,* 28 Grat. 967. So, where there has been a trial for murder, and the jury brings in a verdict of guilty, one of the jury retires from the rest without the knowledge or consent of the court or the attorney for the state, and in consequence of which the final assent of the jury to the verdict as recorded has never been given, but the court on the supposition that all had assented to it, discharged the jury, upon the setting aside of that verdict, and the exhibition of a new indictment against the prisoner, that discharge of the former jury under the circumstances recited is no bar to a prosecution under a new indictment. *Gibson* v. *Com.,* 2 Va. Cases, 111.

In *Randall* v. *Com.,* 24 Grat. 644, the indictment was for malicious and unlawful shooting, stabbing, etc., and the jury found the prisoner guilty of malicious shooting, without saying whom he shot, and fixed the term of his imprisonment at five years. It was held that no judgment could be entered on the verdict, and that the proceedings would not bar a further trial on the same indictment nor bar a trial on a new indictment for the same offense after there had been a nolle entered on the first indictment. The verdict was fatally defective in finding the prisoner guilty of "malicious shooting" merely, which in itself is no offense at all. In the case before us, no judgment can be pronounced on the verdict, it is fatally defective, and the petitioner has been relieved of jeopardy.

If the court has no jurisdiction to try the offense charged, or the indictment is fatally defective, or the jury cannot agree, or the verdict is fatally defective, there is no bar to further prosecuton. *Jones* v. *Com.,* 20 Grat. 848; *Nemo* v. *Com.,* 2 Grat. 558; *Mills Case,* 7 Leigh, 751; *Com.* v. *Hatton,* 3 Grat. 623. "A mistrial is equivalent to no trial." *Baird* v. *Chicago R. I. & P. R. Co.,* 16 N. W. 207. Under sec. 226, chap. 50, Code, it is expressly provided, the accused shall be

entitled to a trial by twelve jurors, or a less number if demanded, under the regulations respecting such trials in civil suits before justices. It cannot be questioned that a justice in a jury trial in a civil case would have power to set aside the verdict of a jury for good cause and proceed to the end of the case in the manner prescribed by law. A motion in arrest of judgment only lies for some error appearing on the face of the record which vitiates the proceedings. *Gerling* v. *Agricultural Ins. Co.*, 689; 4 Minor's Inst. pt. 1 p. 939. It may be made at any time before sentence, and if the motion prevails the whole proceeding should be set aside. The allowance of the motion does not operate as an acquittal, but only places defendant in the same situation in which he was before the prosecution began. 8 R. C. L. sec. 225, citing 2 Anno. Cas. 841. What was the result of petitioner's motion in arrest of the judgment? The record of the justice recites: "the defendant by counsel moved said justice in arrest of judgment on said verdict because the said verdict failed to fix the fine and term of imprisonment of defendant; that said justice took said motion under advisement until the 20th day of January, 1923, when he, the said justice, overruled the said motion in arrest of judgment," held the verdict insufficient on which to render judgment, set aside the verdict, and directed a new trial to be had on February 3, 1923. In effect the justice sustained the motion in arrest of judgment. In *Curtis* v. *Com.*, 87 Va. 589; 13 S. E. 73, the court overruled a motion in arrest of judgment, but on the *next day, ex mero motu* set aside the verdict, it was held that the prisoner was not entitled to discharge on the ground that his motion in arrest of judgment had been allowed.

There was neither conviction nor acquittal in the case at bar. The trial was vitiated by a glaring error. The verdict was incomplete and defective under the statute. It would not be a bar to further prosecution on the same warrant nor to another prosecution if that warrant be quashed.

We are of opinion that the justice had jurisdiction to set aside the defective verdict, and proceed to a final decision. The writ of prohibition will be refused. *Writ refused.*