### STATE v. GEORGE VANCE SMITH.

(Filed 15 December, 1954.)

**1. Indictment and Warrant § 9—**

An indictment or warrant must be complete in itself and must contain all the material allegations which constitute the offense charged.

**2. Parent and Child § 12:  Criminal Law § 56—**

In a prosecution under G.S. 14-322, a warrant charging that defendant willfully failed and refused to provide adequate support for his named lawful children, is fatally defective in failing to aver that defendant had willfully abandoned them, and motion in arrest of judgment should have been allowed.

**3. Parent and Child § 9—**

Abandonment of children by their father is a continuing offense, and therefore, termination of a prosecution in defendant's favor will not preclude a subsequent prosecution.

APPEAL by defendant from *Burgwyn, S. J.,* at 7 June, 1954, Term of NEW HANOVER.

Criminal prosecution begun in New Hanover County Recorder's Court upon warrant on affidavit of Geneva Durden charging "that on the 3rd day of May, 1954, 'and for 4 yrs. prior thereto' . . . and in the county of New Hanover George V. Smith did unlawfully and wilfully fail, refuse and neglect to provide adequate support for his lawful children (naming them) and on the body of the affiant begotten, in violation of the G. S. of N. C. '14-322,' against the form of the statute in such cases made and provided," etc., tried in Superior Court on appeal thereto from judgment of Recorder's Court.

Verdict in Superior Court: Guilty as charged in the warrant.

Upon coming in of verdict, among other things, defendant moves in arrest of judgment. The motion was denied, and defendant excepted.

Judgment: Imprisonment for a term of six months in common jail of New Hanover County and assigned to work the public roads, etc., the jail sentence being suspended upon condition that he pay the sum of $20.00 per week in the office of the Clerk of Court of New Hanover County for the support and maintenance of his four minor children, naming them, and the cost of this action.

It is also provided in the judgment that if, in proceeding therefor then pending, the custody of the children be awarded to him by final judgment in said cause, then and in that event this judgment shall become inoperative and of no effect; otherwise it is to remain in full force and effect, and this cause is retained for future orders.

To the signing of judgment defendant objected, excepted, and, in open court, gave notice of appeal and appeals to the Supreme Court, and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Harvey W. Marcus, Member of Staff, for the State.*

*W. P. Burkhimer for defendant, appellant.*

WINBORNE, J.    Among the many assignments of error brought up by defendant for consideration, the one, Number 24 based upon exception Number 29, to denial of his motion for arrest of judgment is well taken. The motion should have been granted.

The General Statute 14-322 in pertinent part reads: "If any father . . . shall willfully abandon his . . . child or children . . . without providing adequate support for such child or children, he . . . shall be guilty of a misdemeanor . . ."

Thus, to constitute a violation of this criminal statute the father must have willfully abandoned his child or children, without providing adequate support for such child or children.

Testing the offense charged against defendant in instant case by the provisions of the statute, the essential element of "willful abandonment" is lacking.    It is settled that a charge in a warrant or bill of indictment must be complete in itself, and contain all the material allegations which constitute the offense charged.    *S. v. May,* 132 N.C. 1020, 43 S.E. 819. Hence in the absence of such averment the warrant is defective, and will not support the judgment.    Therefore, the motion in arrest of judgment should have been allowed.

However, it is provided in G.S. 14-322 that the abandonment of children by the father shall constitute a continuing offense and shall not be barred by any statute of limitation until the youngest living child shall arrive at the age of eighteen years.

Defendant is, therefore, amenable to further prosecution if the State elects so to do.

For reasons stated the judgment is arrested,—and defendant is released therefrom.

Judgment arrested.