STATE OF NORTH CAROLINA v. VAUGHN BAGNARD

No. 743SC918

(Filed 5 February 1975)

**Indictment and Warrant § 10— identification of accused in indictment**
     Bills of indictment identifying the accused in the body thereof as "John Doe AKA 'Varne' " were insufficient to charge a defendant named Vaughn Bagnard with any offense.

APPEAL by defendant from *Thornburg, Judge,* 10 June 1974 Session of Superior Court held in CARTERET County. Heard in the Court of Appeals on 21 January 1975.

Vaughn Bagnard was tried on two bills of indictment purporting to charge him with the sale and distribution and possession of a Schedule I controlled substance, to wit: LSD. The first bill of indictment is as follows:

     "THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 16th day of January, 1974, in Carteret County John Doe AKA 'Varne' unlawfully and

wilfully did feloniously sell and deliver to Ricky A. Mires, a controlled substance, to wit: lysergic acid diethylamide, which is included in Schedule I of the North Carolina Controlled Substances Act."

The second bill of indictment contains identical language except that it purports to charge that the defendant possessed LSD.

The title for each bill of indictment is as follows:

> "The State of North Carolina
> vs.
> (VAUGHN BAGNARD)
> John Doe AKA 'Varne' "

(Note: Name in parenthesis is handwritten.) The record before us does not show with certainty whether Vaughn Bagnard's name was written in the title to the bills before or after action by the Grand Jury.

The defendant's motions to quash the bills of indictment were denied, and defendant pleaded not guilty. The jury returned verdicts of "guilty as charged"; and from a judgment imposing a prison sentence of five (5) years, he appealed.

*Attorney General Rufus L. Edmisten by Deputy Attorney General Andrew A. Vanore and Associate Attorney Robert R. Reilly for the State.*

*McCotter & Mayo by Charles K. McCotter, Jr., for defendant appellant.*

HEDRICK, Judge.

The general rule is that, for an indictment to be valid, the name of the accused must be alleged in a manner sufficient to identify him with certainty. Annot., 15 A.L.R. 3d 968. The indictment or information must describe an accused in such a manner as to identify him as the person charged, and if the accused's name does not appear in the indictment or information, particularly in the part which charges the offense, the charge is fatally defective. 42 C.J.S., Indictments and Informations, Sec. 127, p. 1015; *State v. Finch,* 218 N.C. 511, 11 S.E. 2d 547 (1940). A warrant or bill of indictment is defective where the defendant is not clearly and positively charged with the commission of the purported offense. *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133 (1954).

Nowhere in the body or charging portion of the bills of indictment upon which these prosecutions are bottomed and judgment entered is Vaughn Bagnard identified by name or otherwise. Whether this fatal defect is cured by the appearance of Vaughn Bagnard's name in the title to the bills is not presented, because the charging portions of the bills refer only to an unidentified "John Doe AKA 'Varne' ".

Because the judgment entered against Vaughn Bagnard is not supported by proper bills of indictment against him, it must be arrested. If so advised, the State may proceed against Vaughn Bagnard on proper bills of indictment.

Judgment arrested.

Chief Judge BROCK and Judge PARKER concur.