STATE OF NORTH CAROLINA v. CHARLES HOLMON

No. 7820SC41

(Filed 6 June 1978)

**Kidnapping § 1— insufficiency of indictment**

     An indictment which stated that "on or about the 2nd day of July 1977, in Union County Charles Holmon unlawfully and wilfully did feloniously and forcibly kidnap Lassie Lyons" was insufficient to charge a crime since it did not allege the elements required under G.S. 14-39 which statutorily defines kidnapping and supersedes the common law definition of kidnapping.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 27 October 1977 in Superior Court, UNION County. Heard in the Court of Appeals 4 May 1978.

Defendant was charged in an indictment which stated:

     THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 2nd day of July, 1977, in Union County Charles Holman unlawfully and wilfully did feloniously and forcibly kidnap Lassie Lyons.

Prior to arraignment, defendant moved pursuant to G.S. 15A-954(a)(10), that the charge be dismissed for failure to state an offense, and the trial judge denied the motion. Defendant pled not guilty.

Lassie Lyons, (Lassie), as a witness for the State, testified that on 1 July 1977 he talked via telephone with defendant who lived in Durham; that defendant accused him of taking some marijuana from him; that on 2 July 1977, defendant and his girl friend came to his (Lassie's) brother's apartment in Monroe and asked to talk with Lassie; that he and defendant went for a ride in defendant's car during which time defendant again accused him of taking some marijuana and demanded that he return with him to Durham; that he and defendant returned to his brother's apartment where defendant pulled a gun out of his girl friend's handbag and pointed it at him; that a scuffle followed during which he was hit over the head and then ordered into defendant's car to return to Durham; that he and defendant got in the backseat while defendant's girl friend drove; that after they traveled about five or six blocks Lassie's brother hit the back of the car in which

State v. Holmon

they were riding with his car and stopped them; and that he then climbed out of the window of defendant's car, ran down the street, stopped a police officer and told him what had happened.

Sergeant James Sutton of the Monroe Police Department, as a witness for the State, testified that he took a statement from Lassie on the date of the incident. The statement was read into the record and corroborated Lassie's testimony. He further testified that he found a loaded pistol approximately 100 feet from the place where defendant's car and the Lyons' car collided, in an area where he observed defendant's girl friend walking.

Defendant, testifying in his own behalf, stated that he called Lassie on 1 July 1977 and requested that he come to Durham to tell some third parties that he had not stolen a quantity of marijuana from them; that Lassie agreed to come to Durham; that on 2 July 1977 he and his girl friend drove to Monroe and that while defendant and Lassie were riding around, Lassie agreed to return with them to Durham; that after they returned to Lyons' apartment, Lassie refused to go and a scuffle occurred; that after the scuffle, Lassie agreed to return to Durham; that he never assaulted Lassie with a gun; that the gun which the officer found had been in the glove compartment until the collision; and that following the collision, he asked his girl friend to hide the gun so that the police would not find it.

On rebuttal, Jesse Lyons, Lassie's brother, testified for the State and corroborated Lassie's testimony. Sergeant Sutton also testified concerning a statement by Jesse Lyons taken on 2 July 1977. The statement was offered into evidence and corroborated the testimony of Jesse Lyons.

The jury returned a verdict of guilty of the offense of kidnapping and from judgment imposing a prison sentence of fifteen years, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Claude W. Harris, for the State.*

*Harry B. Crow, Jr., for defendant appellant.*

BRITT, Judge.

By his first assignment of error, defendant contends that the trial court erred in failing to grant his motion to dismiss the charge contained in the bill of indictment on the grounds that the bill failed to state an offense. We find merit in this contention.

G.S. 15A-924(a) sets forth what a criminal pleading, including an indictment, must contain. The statute provides in pertinent part:

\*    \*    \*

(5) A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation. . . .

(6) For each count a citation of any applicable statute, rule, regulation, ordinance, or other provision of law alleged therein to have been violated. Error in the citation or its omission is not ground for dismissal of the charges or for reversal of a conviction.

Said statute further provides:

(e) Upon motion of a defendant under G.S. 15A-952(b) the court must dismiss the charges contained in a pleading which fails to charge the defendant with a crime in the manner required by subsection (a), unless the failure is with regard to a matter as to which an amendment is allowable.

In *State v. Perry*, 291 N.C. 586, 592, 231 S.E. 2d 262 (1977), the Supreme Court recognized the following rule with respect to indictments:

It is well settled that an indictment will not support a conviction for a crime all the elements of which crime are not accurately and clearly alleged in the indictment. *State v. Taylor*, 280 N.C. 273, 185 S.E. 2d 677 (1972); *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897 (1970); *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970); *State v. McBane*, 276 N.C. 60, 170 S.E. 2d 913 (1969); *State v. Lackey*, 271 N.C. 171, 155 S.E. 2d 465 (1967); *State v. Smith*, 241 N.C. 301, 84 S.E. 2d

913 (1954); *State v. Miller*, 231 N.C. 419, 57 S.E. 2d 392 (1950); *State v. Morgan*, 226 N.C. 414, 38 S.E. 2d 166 (1946); Strong's N.C. Index 2d, Indictment and Warrant § 9. . . .

Since 1 July 1975 the elements for the crime of kidnapping have been statutorily enumerated in G.S. 14-39 as follows:

Kidnapping.—(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person.

In the instant case the indictment states:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 2nd day of July 1977, in Union County Charles Holman unlawfully and wilfully did feloniously and forcibly kidnap Lassie Lyons.

While this indictment would have been sufficient under G.S. 14-39 prior to the 1975 amendment because the term "kidnap" was given the common law definition, *State v. Norwood*, 289 N.C. 424, 222 S.E. 2d 253 (1976), it clearly does not allege the elements required under the new G.S. 14-39 which statutorily defines kidnapping and supersedes the common law definition of kidnapping. *State v. Fulcher*, 34 N.C. App. 233, 237 S.E. 2d 909 (1977), affirmed 294 N.C. 503, 243 S.E. 2d 338 (1978). Since the new statute (G.S. 14-39) supersedes the common law crime of kidnapping, *State v. Fulcher, supra,* common law kidnapping no longer exists in North Carolina. Therefore, the indictment cannot be considered

sufficient even to charge common law kidnapping as a lesser included offense.

In *Fulcher* the Court of Appeals also indicated that the common law crime of false imprisonment had not been superseded by the new kidnapping statute and was a lesser included offense of kidnapping upon which the judge should charge in an appropriate case. However, in the instant case, the record does not include the judge's charge to the jury. Thus, we do not reach the question of whether false imprisonment could have been considered a lesser included offense of kidnapping in the defendant's situation. Since the indictment in the present case is insufficient to charge a crime, the trial court erred in failing to grant defendant's motion to dismiss the indictment.

Because the judgment entered against defendant was not supported by a proper bill of indictment against him, it must be arrested. "Since the indictment was void, jeopardy did not attach and the State may try the defendant again." *State v. Hill*, 31 N.C. App. 248, 250, 229 S.E. 2d 810 (1976). *See also State v. Bagnard*, 24 N.C. App. 566, 211 S.E. 2d 471 (1975).

Having held that the judgment entered against defendant must be arrested because it was not supported by a proper bill of indictment, we find it unnecessary to address defendant's second assignment of error concerning the trial judge's failure to grant his motion for judgment as of involuntary nonsuit at the close of all the evidence.

Judgment arrested.

Judges ARNOLD and ERWIN concur.