STATE v. JOHN JONES.

*Jury—Challenges—Constitutional Law—Judge's Charge.*

1. Where a jury has been obtained before the defendant has exhausted his peremptory challenges, it must be conclusively presumed that a fair and impartial jury has been obtained.

2. The right given a defendant to challenge certain jurors is not a right to select such jurors as he may wish, but only to insure a fair and impartial jury.

3. Where, therefore, a jury has been obtained before the defendant has exhausted his peremptory challenges, the Supreme Court will not consider any exception on the appeal as to whether the trial Judge improperly allowed or disallowed challenges for cause, or allowed the State to stand aside temporarily too great a number of jurors.

4. Where a statute creating a Special Criminal Court for certain counties allows every facility to the accused of getting a fair and impartial jury, it is not unconstitutional because it does not follow the same methods of drawing the jury which are provided for the Superior Courts.

5. A trial Judge is not required to give a prayer for instructions in the very words in which it is asked, nor is it his duty to give instructions not pertinent to the case.

6. The trial Judge, in his charge to the jury, is not required to recite to them the testimony of each witness in the order in which he was examined, but need only give a clear and intelligent statement of the evidence, with its legal bearing upon the issue.

(*State* v. *Gooch*, 94 N. C., 987; *State* v. *Hensely*, Ibid., 1021; *State* v. *McNeill*, 93 N. C., 553; *State* v. *Moses*, 2 Dev., 452; *State* v. *Jones*, 67 N. C., 288; *State* v. *Jones*, 87 N. C., 547; *State* v. *Rogers*, 93 N. C., 523; *Holley* v. *Holley*, 94 N. C., 96; cited and approved).

INDICTMENT for burglary, tried before *Meares, Judge,* and a jury, at November Term, 1886, of the Criminal Court of NEW HANOVER county.

The Court ordered a special *venire* of one hundred and twenty-five persons to be drawn and summoned in pursuance of the provisions of the act of the General Assembly prescribing how a special *venire* in capital cases should be drawn in the Criminal Court of New Hanover county.

Upon the trial, and after the names of the special *venire* had been called and put in the hat, the prisoner challenged the array, on the ground, that the 19th section of ch. 63, laws 1885, which prescribes the mode in which a special *venire* must be drawn for the Criminal Court of New Hanover county, was unconstitutional and void.

The prisoner made several exceptions to jurors in drawing the jury, and asked to be allowed to challenge them for cause, and also to the action of the Court in allowing the State to stand ten per cent. of the jurors to the foot of the panel, but a jury was obtained before all the peremptory challenges of the prisoner were exhausted.

The other facts appear in the opinion.

The jury found a verdict of guilty, and from the judgment the prisoner appealed.

*The Attorney-General,* for the State.

No counsel for the defendant.

MERRIMON, J. The cause of challenge to the array is wholly without merit. The statute (acts 1885, ch. 63, §19), prescribing how a special *venire* ordered by the Judge of the Criminal Court in capital cases shall be drawn and summoned is substantially in effect the same as the general statute (*The Code,* §1739) on the same subject. The prisoner is not deprived of any right or cause of challenge that any other person, charged with the like felony in the Superior Court of

any county in the State, would have under similar circumstances. The objection seems to rest upon the unfounded supposition, that the prisoner has the fundamental right to select the jury to try him. He has no such right; he has only the right to have a fair and impartial jury, and when it is selected without objection, the prisoner having the right to make additional peremptory challenges, it must be presumed conclusively that such a jury has been obtained. His failure to object when he could, is an implied admission on his part that the jury is a fair and unexceptionable one, though perhaps not the one he would have preferred. The right of challenge is not allowed to enable the prisoner to select jurors who will probably be disposed to acquit or afford him undue advantage, but to select just and impartial ones. It would be a reproach upon the administration of criminal justice, to afford opportunity in the course of procedure to select jurors on the one hand, who would more likely convict, or on the other, would more likely acquit the prisoner. The law does not allow or tolerate, but on the contrary forbids and frowns upon any procedure or practice that leads to such results. Hence, it has been repeatedly held, where the jury was obtained before the prisoner had exhausted his right of peremptory challenge, that it was unnecessary for this Court to decide whether or not the Court below had improperly allowed or disallowed challenges for cause, or had allowed the State to stand aside temporarily too great a number of jurors. As the prisoner ceases to object while he has the right to make additional peremptory challenges, it must be taken that he accepts the jury as fair and impartial, and this is such a one as the law contemplates and desires.

And so in this case, as the jury was obtained before the prisoner had exhausted his right of peremptory challenge, it is unnecessary to decide the questions that arise in the course of the selection of the jury other than the challenge

to the array. *State* v. *Gooch*, 94 N. C., 987; *State* v. *Hensley*, Ibid., 1021, and the cases there cited.

The general objection that the statute first above cited is unconstitutional, and therefore void, is without foundation. It creates and defines the jurisdiction of Criminal Courts for the counties of New Hanover and Mecklenburg. Power is expressly conferred upon the Legislature to establish such and like Courts, with such jurisdiction as may be prescribed, not inconsistent with the Constitution. We are wholly unable to see how this statute in any way, respect or degree, destroys, abridges or impairs any constitutional right of the citizens of the counties named, or of any county, unless possibly in so far as it provides that an indictment concurred in by nine grand jurors shall be sufficient. It was suggested in *State* v. *McNeill*, 93 N. C., 553, that this provision might be questionable, but if it were void, this would not render the whole statute void. An indictment concurred in by twelve grand jurors would be good, as was decided in that case.

The mere fact that the number of jurors required to be drawn and summoned to attend these Courts is not so great as in other counties, and that a special *venire* shall be drawn in New Hanover county to serve each succeeding day of the term of its Criminal Court, does not render the statute void. The qualifications of jurors in these Courts are the same as the qualification of jurors in other counties, and a sufficient number are or may be provided for, to afford every just facility to obtain a fair and impartial jury in any case. The persons objected to, are intended to secure more certainly such jurors as the law contemplates, and does not deprive any person of any right. Ample provision is made for selecting eligible, lawful jurors, just as in other counties of the State, and this is all that any citizen is entitled to have. The purpose is, not to deprive any one of the right to have a lawful jury, but to prevent the selection of an unlawful one, and

the provisons complained of are certainly in some measure adapted to that purpose, without depriving the citizen of any right. It is a false and vicious notion, that the right exists at all, to have opportunity and that facilitated, to select a jury favorable on the one hand to convict, or on the other, to acquit the party charged with an offence The law does not allow any but a fair and impartial jury, composed of good and lawful men, and the statute in question makes reasonable and just provision for selecting such a jury; that is sufficient.

The Court was not bound to give the special instruction prayed for in the very language of the prayer, granting that the prisoner was entitled to it; it was sufficient to give the full substance of it, and 'this the Court did. It might be questioned whether the prisoner was fairly entitled to the instruction thus given, because, the evidence as to him, was mainly direct and positive. It is not the duty of the Court to give instructions not pertinent to the case; indeed it ought not to do so; such instructions only tend to confuse and mislead the jury. Nor was it the duty of the Court to recapitulate or state the testimony of each witness examined on the trial to the jury in the consecutive order in which he was examined. The statute (*The Code,* §413) prescribes that the Court "shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon." This does not imply a mere recital of the evidence; this would be of little or no service; it means a clear, fair, intelligent statement of it in its bearings, its relations, one part with another, and its legal bearings upon the issues submitted to the jury. The object is to help the jury to clearly apprehend and apply it, and to give it just and proper weight, this being the sole province of the jury. The statement should not have the tone or form of an argument in favor of the one side or the other; this should be avoided as far as practicable; nor should it intimate the opinion of

the Court as to what weight should be given any part or the whole of the evidence. But the fact that the evidence, parts or the whole of it, thus fairly stated, bears strongly on one side or the other, cannot be justly regarded as an argument of the Court; this must be attributed to its simple weight and force, appearing without the aid of argument. *State* v. *Moses,* 2 Dev., 452; *State* v. *Jones,* 67 N. C., 288; *State* v. *Jones,* 87 N. C., 547; *State* v. *Rogers,* 93 N. C., 523; *Holley* v. *Holley,* 94 N. C., 96.

Nor was the statement of the evidence to the jury by the Court obnoxious to the objection that it was argumentative. Upon a careful examination of it, we think it was intelligent, fair and just. If it bore heavily against the prisoner, this was because the evidence tended strongly to prove his guilt.

We do not discover error in the record. Let this opinion be certified to the Criminal Court, to the end that further proceedings may be had in the action there according to law. It is so ordered.

No error.                                                    Affirmed.