STATE OF NORTH CAROLINA v. FRANK ERVIN McMULLIN

No. 7421SC501

(Filed 18 September 1974)

1. **Criminal Law § 66— in-court identification — pretrial photographic identification — prior acquaintance with defendant**

In a homicide prosecution, a witness's in-court identification of defendant was based on the witness's acquaintance with defendant prior to the stabbing of deceased and was not tainted by a prior photographic identification at which only photographs of defendant and his brother were exhibited to the witness, where the witness knew defendant and his brother only by their first names prior to the crime, the witness saw defendant and his brother fighting with the victim and saw defendant stab the victim, the witness told police the first name of the person who did the stabbing, and the photographs were exhibited to the witness to verify that defendant was the person so named by the witness, notwithstanding it would have been better police practice to have shown the witness several photographs from which to select defendant's photograph.

2. **Criminal Law § 162— necessity for motion to strike — prejudice cured by subsequent testimony**

Defendant should have moved to strike the objectionable part of a witness's answer in which she stated she was scared of defendant; any prejudice to defendant by reason of the answer was cured when the witness thereafter testified on cross-examination that she had not testified at a previous trial because she was afraid of defendant.

3. **Criminal Law § 169; Homicide § 20— admission of knife not connected with crime — harmless error**

In a prosecution for second degree murder by stabbing the victim with a knife, the admission of a pocketknife taken from defendant at the time of his arrest twenty days after the offense which was not related to the crime, if erroneous, was not prejudicial to defendant in light of the State's overwhelming evidence of defendant's guilt.

APPEAL by defendant from *Wood, Judge,* 18 December 1973 Session of Superior Court held in FORSYTH County. Heard in the Court of Appeals 26 August 1974.

Defendant was charged in a bill of indictment, proper in form, with the murder of Jessie Lee Fowler on 3 March 1973. Upon call of the case for trial, the district attorney announced that the State would not seek a verdict of guilty of murder in the first degree, but would seek a verdict of guilty of either murder in the second degree or manslaughter.

The State's evidence tended to show that at about 6:00 p.m., 3 March 1973, defendant and his brother, Willie McMullin, engaged in a fight with Jessie Lee Fowler on Ninth Street, near its intersection with Patterson Avenue, in the City of Winston-Salem; that defendant stabbed Fowler several times and that Fowler died as a result of knife wounds. The defendant offered no evidence.

The jury found defendant guilty of voluntary manslaughter.

*Attorney General Carson, by Assistant Attorney General Davis, for the State.*

*Harrell Powell, Jr., and Edward L. Powell, for the defendant.*

BROCK, Chief Judge.

[1] Defendant assigns as error the admission of the in-court identification of the defendant by the witness Michael Mitchell. Upon objection, a *voir dire* was conducted. The witness testified that he had known defendant prior to this occasion, having seen him around this same intersection about every other weekend. However, the witness knew defendant only by his first name, Frank; he knew defendant's brother only by his first name, Willie. He told the investigating officers that Frank did the cutting. Willie was arrested at the scene, but Frank ran. The police showed the witness two photographs, one of Frank McMullin and one of Willie McMullin. The witness pointed out the photograph of Frank McMullin as being the person he knew as Frank and the photograph of Willie McMullin as being the person he knew as Willie. Based upon this identfication, a warrant was issued for the arrest of the defendant Frank McMullin. The witness identified Frank McMullin in court as the person he had previously known only by the name Frank, and identified him in court as the person who stabbed the deceased.

`·.` The trial judge made findings of fact based upon competent evidence that the in-court identification was based upon the witness' acquaintance with Frank prior to and at the time of the stabbing. Thereafter he permitted the witness to identify defendant before the jury.

We concede that it would have been better police practice to have shown the witness several photographs from which to select the defendant's photograph; nevertheless it is clear that the in-court identification was not tainted or influenced .in any way by the procedure followed by the police in this case. They were not trying to engage in a procedure to permit the witness to identify the person who committed the offense. The witness already knew the defendant, albeit he did not know defendant's last name. The police were merely trying to guard against the possibility of ·arresting the wrong Frank. In our opinion the trial judge was correct in admitting the in-court identification of defendant by the witness Michael Mitchell.

[2] ˙During the presentation of the State's evidence, Mattie Ray Mitchell, the mother of the witness Michael Mitchell, testified. She was acquainted with defendant and his brother and knew both their first and last names. She saw defendant and his brother fighting with Jessie Lee Fowler at the time of the fatal stabbing. During her testimony she stated: "That is all the part of it I seen and I said, 'Lord, have mercy, there's Frank standing up there cutting that man,' and I'm scared of Frank." Defendant thereafter objected, and the objection was overruled. However, defendant did not move to strike what he considered to be the objectionable part of the witness' answer. When inadmissibility is not indicated by the question, but becomes apparent by some feature of the answer, the objection should be by way of motion to strike the objectionable part of the answer. Stansbury's North Carolina Evidence, Brandis Revision, § 27. In any event the cross-examination of the witness as to why she had not testified at a previous trial of this case brought out again that she was afraid of Frank and was afraid to testify.

[3] Lastly defendant assigns as error that the trial judge allowed the State to introduce into evidence a pocketknife taken from the defendant at the time of his arrest twenty days after the offense. There was no evidence which related the pocket-knife to the stabbing of the deceased.

Assuming *arguendo* that it was error to admit the knife into evidence, it was nonprejudicial beyond a reasonable doubt.

The eyewitness description of defendant's stabbing the deceased and the evidence of death as a result of the stab wounds is so overwhelming that the introduction of the knife could not have had any influence on the jury verdict.

In our opinion defendant had a fair trial, free from prejudicial error.

No error.

Judges MORRIS and MARTIN concur.