STATE OF NORTH CAROLINA v. TIM GOSS

No. 41

(Filed 14 July 1977)

1. **Criminal Law § 127.1— motion in arrest of judgment—defect on face of record—motion made on appeal**

A motion in arrest of judgment is directed to some fatal defect appearing on the face of the record and such motion may be made for the first time on appeal in the Supreme Court.

2. **Rape § 1— first degree rape—elements**

Where the victim is at least 12 years old, the elements of first degree rape are: (1) carnal knowledge of a female person, (2) by force, or by fear, fright or coercion, (3) against the will of the victim, (4) the defendant being more than 16 years of age, and (5) the victim's resistance having been overcome or her submission having been procured by the use of a deadly weapon or by the infliction of serious bodily injury.

3. **Rape § 3— indictment—first degree rape not charged—sufficiency to charge second degree rape**

An indictment failed to charge first degree rape since it charged neither the use of a deadly weapon or infliction of serious bodily injury nor that defendant, at the time of the offense, was more than 16 years of age; however, the indictment was sufficient to charge second degree rape, the evidence was clearly sufficient to support a verdict of guilty of that offense, and the verdict must therefore be regarded as a verdict of guilty of rape in the second degree.

4. **Criminal Law § 117— evidence of rape victim's reputation—consideration for credibility only**

Though the trial court in a rape prosecution erred in limiting consideration of the victim's bad character reputation to her credibility and in not allowing the jury to consider the evidence on the issue of consent, such error was not prejudicial to defendant since the credibility of the victim's testimony that she did not consent was the key to the State's case, and there was no real distinction between the issue of the victim's credibility and the issue of her consent.

5. **Criminal Law § 71— use of word "rape" by victim—shorthand statement of fact**

The trial court in a rape prosecution did not err in allowing the victim to testify over objection that, "then he started raping me,"

since her use of the term "rape" did not constitute an opinion on a question of law but was instead a convenient shorthand term, amply defined by the balance of her testimony concerning defendant's actions.

**6. Criminal Law § 162.3— inadmissibility of evidence apparent during response— motion to strike proper**

Where inadmissibility of testimony is not indicated by the question, but appears only in the witness's response, the proper form of objection is a motion to strike the answer, or the objectionable part of it, made as soon as the inadmissibility is evident; therefore, defendant was not prejudiced by the admission of testimony, which he contended was hearsay, where defendant made no motion to strike the testimony.

**7. Criminal Law § 43— photographs— admissibility for illustration**

The trial court did not err in allowing the introduction of two photographs to illustrate the testimony of a witness, and defendant's argument that the photographs, coming at the end of the witness's testimony, may not be supposed to illustrate that testimony is feckless.

**8. Rape § 5— sufficiency of evidence**

Defendant's motion for nonsuit in a rape prosecution was properly overruled where the evidence was sufficient to allow the jury to find that the victim never consented to sexual intercourse with defendant; he obtained her submission through threats and intimidation, including the threat of bodily harm to her or to her sister; he held a knife to her and let her know he carried a gun; he persisted in the act despite her pleas and her attempt to escape; police were immediately called to the scene and the victim gave a statement to them consistent with her testimony at trial; and bruises and scratches on the victim's body which were observed by a third person were consistent with the victim's account of the crime, but not with defendant's.

**9. Criminal Law § 113.1— jury instructions— recapitulation of evidence**

The trial court's instruction that "the state offered the testimony of [the victim] that she did not consent to voluntarily have any sexual relations with the defendant," though not in the victim's words, was not prejudicial to defendant since the victim's testimony, if believed, supported an inference of lack of consent on her part; the law does not require verbatim recitation of the evidence by the court, and error in recapitulation of the evidence generally must be called to the court's attention in time for correction; and the court instructed the jury to be governed solely and entirely by their recollection of the evidence.

DEFENDANT appeals from judgment of *Seay, J.,* at the 2 August 1976 Session of WILKES Superior Court.

*Rufus L. Edmisten, Attorney General, by Henry H. Burgwyn, Associate Attorney, for the State.*

*McElwee, Hall & McElwee, by John E. Hall and William C. Warden, Jr., Attorneys for defendant appellant.*

EXUM, Justice.

Defendant was tried upon an indictment charging first degree rape and upon two warrants each charging misdemeanor assault with a deadly weapon. The three charges were consolidated for trial. Defendant was convicted and sentenced to life imprisonment upon the rape charge and two years in prison for each of the misdemeanors. Motion to bypass the Court of Appeals in the misdemeanor case was allowed and the appeals were consolidated.

Defendant raises a number of questions on appeal. The most significant are: (1) his contention that the indictment, lacking an allegation that defendant was over sixteen years of age at the time of the alleged rape, was insufficient to support a conviction for first degree rape; and (2) his contention that the court erred prejudicially in its instruction limiting the jury's consideration of evidence of the victim's bad character reputation to her credibility. We find merit in both these arguments. Accordingly, the rape case is remanded for the entry of a verdict of guilty of second degree rape and reconsideration of the sentence by the trial court. In the jury instruction limiting the effect of evidence of the victim's character, we find the error was without prejudice to defendant. In other assignments of error raised, we find no merit.

The state presented evidence tending to show that Joyce Johnson, the victim, and her sister, Nancy, accompanied defendant, Tim Goss, with Diane Walker and one Monroe Hawkins in a truck to a deer camp. The Johnson girls had agreed to go to town with the others, but were told a detour by the camp was necessary to enable Hawkins to put out a fire and pick up some belongings. While at the camp, Tim Goss forced Joyce into the woods, threatening her with a knife and a gun. After one episode of sexual intercourse she escaped him. He followed her and caught her, slashing at the other two girls who attempted to interfere. Goss then took Joyce back into the woods and repeated the sexual act. When he allowed the girls to leave they

went to a nearby house occupied by Mr. Rowan Combs, where they called police.

Defendant's evidence, including his own testimony, tended to show the girls willingly accompanied Hawkins and himself to the camping area, that everyone at the camp was smoking "pot," that Joyce had sexual intercourse with him voluntarily and at her own suggestion inside the tent. He testified that he walked the girls to Mr. Combs' house. His knife was stuck in a tree near the tent all evening according to Goss, and he never possessed the pistol offered in evidence, which belonged to Rex Wiles. He could not explain the bruises and scratches on Joyce's body, but testified she kept her clothes on at all times outside the tent. Defendant also presented evidence tending to show the bad reputation of all three girls as well as his own good reputation.

Although no reference to the issue is made in his brief, defendant has challenged the sufficiency of the indictment for rape by a motion in arrest of judgment made during oral argument in this Court in reliance upon *State v. Perry*, 291 N.C. 586, 231 S.E. 2d 262 (1977).

[1] A motion in arrest of judgment is directed to some fatal defect appearing on the face of the record. *State v. Davis*, 282 N.C. 107, 191 S.E. 2d 664 (1972); *State v. Fletcher*, 279 N.C. 85, 181 S.E. 2d 405 (1971). It has been held that such a motion may be made for the first time on appeal in the Supreme Court. *State v. Sellers*, 273 N.C. 641, 161 S.E. 2d 15 (1968); 4 Strong's North Carolina Index 3d, Criminal Law § 127 (1976).

The motion in arrest of judgment, however, "is proper when it is apparent that *no judgment* against the defendant could be lawfully entered because of some fatal error appearing in (1) the organization of the court, (2) the charge made against the defendant (the information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment." *State v. Perry, supra* at 589, 231 S.E. 2d at 266. (Emphasis added.) "Such a motion is to be distinguished from a motion to vacate or set aside an erroneous judgment in order that a proper judgment may be entered." *Id.*

The motion in arrest of judgment is properly overruled in this case, for the indictment will clearly support a judgment against defendant for second degree rape. Under our holding in

*State v. Perry, supra,* however, the indictment is insufficient to support a conviction for rape in the first degree.

The crime of rape was divided into two degrees by the 1973 amendment to General Statute 14-21, which provided that second degree rape shall be a lesser included offense of first degree rape. That statute provides:

"Rape; punishment in the first and second degree.— Every person who ravishes and carnally knows any female of the age of 12 years or more by force and against her will, or who unlawfully and carnally knows and abuses any female child under the age of 12 years, shall be guilty of rape, and upon conviction, shall be punished as follows:

(a) First-Degree Rape—

　(1) If the person guilty of rape is more than 16 years of age, and the rape victim is a virtuous female child under the age of 12 years, the punishment shall be death; or

　(2) If the person guilty of rape is more than 16 years of age, and the rape victim had her resistance overcome or her submission procured by the use of a deadly weapon, or by the infliction of serious bodily injury to her, the punishment shall be death.

(b) Second-Degree Rape—Any other offense of rape defined in this section shall be a lesser-included offense of rape in the first degree and shall be punished by imprisonment in the State's prison for life, or for a term of years, in the discretion of the court."

[2] Where the victim is at least 12 years old, the elements of first degree rape are: (1) carnal knowledge of a female person, (2) by force, or as we explained in *State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974), *death sentence vacated,* 96 S.Ct. 3202 (1976), by "fear, fright or coercion," (3) against the will of the victim, (4) the defendant being more than 16 years of age, and (5) the victim's resistance having been overcome or her submission having been procured by the use of a deadly weapon or by the infliction of serious bodily injury. G.S. 14-21; *State v. Perry, supra.*

The indictment in this case appears as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRE-
SENT, That Tim Goss in Wilkes County, on or before the
24th day of November, 1975, with force and arms, at and
in the county aforesaid, did, unlawfully, wilfully and feloni-
ously ravish and carnally know Joyce K. Johnson, a female,
by force and against her will against the form of the statute
in such case made and provided and against the peace and
dignity of the state."

[3]    As in *Perry*, there was ample evidence presented by the
state to show first degree rape. But, as in *Perry*, the indictment
fails to charge that offense since it charges neither the use of a
deadly weapon or infliction of serious bodily injury nor that
defendant, at the time of the offense, was more than 16 years
of age. Both are elements of the crime which must be alleged
and proved to support a conviction. *State v. Gray*, 292 N.C. 270,
233 S.E. 2d 905 (1977); *State v. Perry, supra.*

As in *Perry*, however, the indictment is sufficient to charge
rape in the second degree; the evidence is clearly sufficient to
support a verdict of guilty of that offense and the verdict "must,
therefore, be regarded as a verdict of guilty of rape in the
second degree." *State v. Perry, supra* at 595, 231 S.E. 2d at
268. The defendant thus may not be sentenced for first degree
rape. The case must be remanded to the Superior Court of
Wilkes County for entry of a verdict of guilty of second degree
rape and for a proper judgment on that verdict. *State v. Perry,
supra; State v. Courtney*, 248 N.C. 447, 103 S.E. 2d 861 (1958).

The punishment for rape in the second degree is provided
by General Statute 14-21(b) to include life imprisonment or
imprisonment for a term of years, in the court's discretion. This
discretion is vested, as we noted in *Perry*, in the trial court, not
the Supreme Court. The case must therefore be remanded for
the exercise of that court's discretion in sentencing defendant
Goss for second degree rape as provided by the statute.

[4]    We next consider defendant's eleventh assignment of error,
by which he urges the prejudicial impropriety of the following
instruction to the jury:

"Evidence has been received with regard to the reputation
of the witnesses, Joyce Johnson, Nancy Johnson and Diane
Walker, that is the defendant offered the testimony of Chief

of Police of North Wilkesboro that as to each of those girls their reputation was not good. You may consider this evidence for one purpose. If you believe all or any part of this evidence and find that it bears upon one of those particular girls' statements as a witness as to their truthfulness, you may consider it, together with all the other facts and circumstances bearing upon that particular witness's truthfulness, in deciding whether you will believe or disbelieve their testimony at this trial. Except as it may bear on this decision this evidence may not be considered by you in your determination of any facts in this case."

A similar instruction was given concerning evidence of a rape victim's reputation in *State v. Davis*, 291 N.C. 1, 229 S.E. 2d 285 (1976). There, as here, the defendant contended the effect of the instruction was improperly to withdraw evidence of the victim's reputation from the jury's consideration on the issue of her consent to have intercourse with the defendant.

We recognized in *Davis*, *supra* at 15, 229 S.E. 2d at 295, that "the character of the complainant in rape may, it seems, be shown as bearing upon the question of consent." *State v. Stegmann*, 286 N.C. 638, 647, 213 S.E. 2d 262, 270 (1975), *death sentence vacated*, 96 S.Ct. 3203 (1976); 1 Stansbury's North Carolina Evidence § 105 (Brandis Rev. 1973). In the instant case, the evidence of character was offered according to the standard permissible method of proving character, *Michelson v. United States*, 335 U.S. 469 (1948); 1 Stansbury's North Carolina Evidence, *supra* § 110, since Chief Gentry's testimony was directed to the "general reputation and character" of the victim in North Wilkesboro, and not to his personal opinion. It was thus error for the court not to allow the jury to consider Chief Gentry's testimony on the issue of consent.

Nevertheless, as in *State v. Davis*, *supra* at 16, 229 S.E. 2d at 295, we find that "the credibility of the victim's testimony that she did not consent was the key to the State's case [and] there is no real distinction between the issue of the victim's credibility and the issue of her consent." The testimony of Joyce Johnson and that of Tim Goss are in "irreconcilable conflict" concerning the events that took place at the camp. Joyce Johnson contends she was forced, twice, by Goss' use of a knife and a gun, to engage in sexual intercourse with him in the woods near the camp. Goss contends the sexual act took place at Joyce's in-

stance, inside the tent. If the jury disbelieved Joyce Johnson's testimony because of doubts concerning her credibility, they must necessarily resolve the issue of consent in Goss' favor. There is thus no prejudice to defendant in the technically erroneous charge limiting consideration of the victim's character to the issue of credibility and this assignment is consequently overruled.

The remaining assignments of error we consider in order of their occurrence at trial.

[5] By his first assignment, defendant objects to the allowance over his objection of the victim's statement, "then he started raping me." The use of the word "rape," he argues, constitutes an impermissible legal conclusion.

In *State v. Vinson*, 287 N.C. 326, 215 S.E. 2d 60 (1975), *death sentence vacated*, 96 S.Ct. 3204 (1976), we held the use of the word "rape" by a witness did not constitute an opinion on a question of law. The same issue was presented in *State v. Sneeden*, 274 N.C. 498, 501, 164 S.E. 2d 190, 193 (1968), where we held that the victim's statement that "defendant was in the act of raping her was merely her way of saying that he was having intercourse with her. She was not expressing her opinion that she had been raped. Rather, she was stating in shorthand fashion her version of the events . . . ." Joyce Johnson testified, "When I say he started raping me, I mean he got on top of me and he started having sexual intercourse with me and I begged him to leave me alone and to get off." She also testified that "on both of these occasions he penetrated me." Her use of the term "rape" was clearly a convenient shorthand term, amply defined by the balance of her testimony. This assignment is overruled.

[6] By his fourth assignment of error, defendant claims the court erred in allowing the repetition by witness Barry Wood of Joyce Johnson's pre-trial statement in corroboration of her trial testimony on grounds that the statement contained hearsay and conclusory declarations. Defendant's objections to the use of the word "rape" in this statement we have already answered. It remains for us to consider his contention that the court should have sustained his objection to a portion of the statement concerning the events which occurred before the young people arrived at the camp. The statement, which defendant argues is

hearsay, is set out with the court's response to defendant's objection in the record as follows:

> Barry Wood: "[T]hen they went to Tim's house and his mother came out and said she wanted his gun, said, 'Monroe, you know how he is when'—"

> By the Court: "Members of the Jury, this testimony again is solely for the purpose of corroboration."

> By Mr. Ferree [Defense Counsel]: "We object on the ground that the Court has heretofore sustained our objection as to what somebody said with reference to the gun."

> By the Court: "Overruled."

Earlier, during the questioning of Joyce Johnson, the solicitor cautioned her not to repeat what Goss' mother said when she came out to the truck. Nevertheless, the witness continued: "Anyway she asked for the gun because she said, 'You know how Tim is when he is like this.' " Defendant interrupted to interpose an objection, which the court sustained, but no motion was made to strike the statement, nor did the court on its own motion instruct the jury to disregard the statement.

Where inadmissibility of testimony is not indicated by the question, but appears only in the witness' response, the proper form of objection is a motion to strike the answer, or the objectionable part of it, made as soon as the inadmissibility is evident. *State v. Britt*, 285 N.C. 256, 204 S.E. 2d 817 (1974); *State v. Battle*, 267 N.C. 513, 148 S.E. 2d 599 (1966); *State v. McMullin*, 23 N.C. App. 90, 208 S.E. 2d 228 (1974); 1 Stansbury's North Carolina Evidence, *supra*, § 27. This procedure is not a technical formality, but a means to ensure that the jury attach no improper significance to the testimony.

Joyce Johnson's testimony concerning defendant's mother's remarks was thus, to some extent at least, before the jury. Defendant made no attempt to clarify this anomalous situation by requesting the court to instruct the jury to disregard the statement. He does not now, nor has he ever objected to the court's failure to give such an instruction. The later repetition of the same statement under an instruction limiting the witness' testimony to corroboration, could not have been prejudicial to defendant.

Defendant further contends that the court should have reviewed the statement presented by Barry Wood prior to its being offered in evidence, in order to facilitate evidentiary rulings. Suffice it to say that defendant never requested such a procedure. In fact, defense counsel advised the court early in Wood's testimony: "At the same time if there is any further statement [of Barry Wood] we will just wait until the entire statement is in before—." It is to the court's response, "Do whatever you want to," that defendant takes exception to support this argument. We find no merit in his position.

[7] Defendant next argues that it was error to allow introduction of two photographs to illustrate the testimony of witness Effie Holloway, who testified that she observed and photographed bruises and scratches on Joyce's body the night of the alleged rape. There is no objection in the record to the introduction of these photographs, nor have the pictures themselves been submitted to this Court. Defendant's argument that the photographs, coming at the end of the witness' testimony, may not be supposed to illustrate that testimony is feckless. *Cf. State v. Swift,* 290 N.C. 383, 226 S.E. 2d 652 (1976). We have long allowed photographs to be received to illustrate the testimony of witnesses, *State v. Cox,* 289 N.C. 414, 222 S.E. 2d 246 (1976); *State v. Barrow,* 276 N.C. 381, 172 S.E. 2d 512 (1970). The jury was given proper limiting instructions.

[8] Defendant's contention that nonsuit should have been granted because of a lack of substantial evidence that the victim did not consent is likewise without merit. Taking the evidence in the light most favorable to the state, as we must in considering the nonsuit issue, *State v. McKenzie,* 292 N.C. 170, 232 S.E. 2d 424 (1977), there is sufficient evidence to allow the jury to find that Joyce Johnson never consented to sexual intercourse with defendant; that he obtained her submission through threats and intimidation, including the threat of bodily harm to her or to her sister; that he held a knife to her and let her know he carried a gun; and that he persisted in the act despite her pleas and her attempt to escape. The inference of no consent is supported by the testimony of Nancy Johnson and Diane Walker as well as that of the victim herself. Police were immediately called to the scene and Joyce Johnson gave a statement to them consistent with her testimony at trial. Bruises and scratches on her body observed by the witness Effie Holloway

were consistent with the victim's account, but not with defendant's. The motion for nonsuit was properly overruled.

Our resolution of the nonsuit issue disposes as well of defendant's eighth assignment of error, by which he asserts error in the submission of the offenses of first and second degree rape to the jury, on the ground of the supposed lack of evidence of no consent. Since there was, as we have pointed out, persuasive evidence in the record of the victim's lack of consent to sexual intercourse, this assignment is wholly without merit.

[9] By his ninth and tenth assignments of error, defendant asserts the incorrectness of the trial judge's statement that "[t]he state offered the testimony of Joyce Johnson that she did not consent to voluntarily have any sexual relations with the defendant." While it is true that Joyce never testified in the words used by the trial judge, her testimony, if believed, supports an inference of lack of consent on her part, the voluntariness of her submission to the act of sexual intercourse being inconsistent with inducement by threat or violence. *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974), *death sentence vacated*, 96 S.Ct. 3202 (1976). The law has never required verbatim recitation of the evidence by the court. *State v. Jones*, 97 N.C. 469, 1 S.E. 680 (1887). Generally, error in recapitulation of the evidence must be called to the court's attention in time for correction. *State v. Davis*, 291 N.C. 1, 229 S.E. 2d 285 (1976); *State v. Monk*, 291 N.C. 37, 229 S.E. 2d 163 (1976). Moreover, the court cautioned the jury as to any inconsistency between his summary of the facts and their recollections, instructing them to be governed solely and entirely by their recollection of the evidence. This assignment is, therefore, overruled.

Finally defendant contends the court erred in the misdemeanor cases in omitting from the final mandate of its jury instructions the elements of assault with a deadly weapon. He asserts prejudicial error in the court's supposed failure to apply the law pertaining to that offense to the evidence. We find, however, that early in the charge to the jury, the court instructed properly as to the elements of assault with a deadly weapon, defining the terms used in accordance with the law. He further instructed that the state must prove "the defendant assaulted Diane Walker by intentionally without justification or excuse threatening to cut her and striking at her with a

knife." Substantially the same instruction was repeated as to the charge of assault with a deadly weapon upon Nancy Johnson. Evidence of defendant's attempts to slash these two girls was summarized during the court's recapitulation of the evidence. Defense counsel declined the court's invitation to submit further instructions.

Viewed in context, *State v. McKenzie*, 292 N.C. 170, 232 S.E. 2d 424 (1977), the instructions are complete and correct. Where the charge as a whole is free from prejudicial error, it will not support reversal. *Id.; State v. Bailey*, 280 N.C. 264, 185 S.E. 2d 683, *cert. denied*, 409 U.S. 948 (1972).

Because we find the indictment in the rape case (Case No. 75-CR-9490) to be insufficient to support a conviction for rape in the first degree, that case is remanded to the Superior Court of Wilkes County. That court is directed to bring defendant before it, and to enter a verdict of guilty of second degree rape in lieu of the verdict now of record, and to sentence the defendant for that offense in the discretion of the court.

In Cases No. 75-CR-9491 and 75-CR-9492, no error.

In Case No. 75-CR-9490, judgment vacated, and case remanded for correction of verdict and imposition of proper sentence.