STATE OF NORTH CAROLINA v. JAMES HANNAH

No. 523A84

(Filed 2 April 1986)

1. **Rape and Allied Offenses § 4; Criminal Law § 87.2— rape—six-year-old victim—leading questions—no error**
    The trial court did not abuse its discretion by permitting the prosecution to ask a six-year-old rape victim leading questions which referred to statements made by the victim during pretrial conferences with the prosecutor. The victim's grandmother and legal guardian testified that the prosecutor discussed the case with the victim twice, both times in their presence, and did not tell the victim what she should say at trial.

2. **Criminal Law § 117.5— incomplete instruction on character evidence—no objection at trial—no plain error**
    Although the trial court in a rape prosecution gave an incomplete instruction on defendant's character evidence, defendant did not object at trial and it could not be said in light of the evidence that the jury would probably have reached a different result absent the error. App. Rule 10(b)(2).

    Justice BILLINGS did not participate in the consideration or decision of this case.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing life imprisonment, entered by *Downs, J.,* at the 24 June 1984 Criminal Session of Superior Court, HAYWOOD County, following his conviction of first-degree rape. Heard in the Supreme Court 10 June 1985.

*Lacy H. Thornburg, Attorney General, by John R. B. Matthis, Special Deputy Attorney General, and Philip A. Telfer, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Acting Appellate Defender, by David W. Dorey, Assistant Appellate Defender, for defendant-appellant.*

FRYE, Justice.

Defendant seeks a new trial because of two alleged errors committed by the trial court. He first argues that the trial court abused its discretion in granting the prosecutor wide latitude when examining the prosecuting witness on direct examination. Secondly, defendant contends that the trial court erred in failing to instruct the jury that it could consider character evidence both as bearing on his credibility and as substantive evidence bearing directly on the issue of his guilt or innocence. After careful consideration of the record, the assignments of error, and the relevant law, we find that defendant has failed to demonstrate that he is entitled to a new trial.

Defendant was charged with the first-degree rape of his girlfriend's six-year-old daughter[1] in violation of N.C.G.S. § 14-27.2(a)(1). The State's evidence disclosed that around 5:30 p.m. on 10 November 1983, defendant, victim, and defendant's daughter picked up victim's mother from her place of employment. At that time, victim was crying and her pants were "covered in blood down to her knees." Defendant told victim's mother that victim was crying because "he had done something to her." Defendant said that "he had stuck it in her."

After defendant took victim's mother and the children home, he left without telling anyone where he was going. Victim's

---

1. We will not subject the victim and her family to further embarrassment by the use of their names in this opinion.

mother testified that defendant was threatening to kill himself when he left the house. Defendant was apprehended at a local store on the following day.

Victim's mother took her to a local hospital where she was examined by Dr. Doris Hammett. Dr. Hammett testified that victim told her that she had been hurt in her pubic area and that "[defendant] had stuck it in her." The medical examination revealed a laceration between the vaginal area and the rectum which was bleeding freely. There was trauma and bruises in the pubic area and to the lateral side of victim's vagina. In the doctor's opinion, the injuries indicated that victim's vagina had been penetrated.

At trial, victim testified and demonstrated with anatomically correct dolls that defendant had hurt her in her pubic area with his penis.

Officer Saralynn Baird was called to the hospital to investigate the rape on the evening of 10 November 1983. She testified that she observed a "wet" bloodstain on a couch in the house where the incident took place.

Defendant offered eight character witnesses at trial and testified in his own behalf. Defendant's testimony was that at 3:15 p.m. on 10 November 1983, the children's babysitter and her friend, McKinley, came to his house. The babysitter's usual job was to watch the children after they came home from school until they went with defendant to pick up victim's mother from work. Defendant testified that the babysitter and McKinley were in the house when victim and defendant's daughter arrived home from school at 3:20 p.m. and remained there until 5:30 p.m. At 5:35 p.m., defendant and the girls went to pick up victim's mother. Defendant testified that he was not aware of any injury to victim at that time. Defendant denied telling victim's mother that he had engaged in sexual activity with her daughter. Defendant subpoenaed the babysitter and McKinley, but neither appeared in court during the trial. The jury returned a verdict of guilty of first degree rape.

I.

[1] Defendant contends that he was denied a fair trial because of domination of the prosecuting witness by the prosecutor and vic-

tim's family. In support of his contention, defendant directs our attention to the prosecutor's "persistent" use of leading questions during direct examination of victim. Defendant particularly objects to leading questions asked which referred to statements made by victim during pre-trial conferences. This argument is based on defendant's contention that victim's answers to those questions were not based on her actual recall of the crime but rather were a recollection of questions and answers discussed with the prosecutor in the presence of her family.

It is settled law in this State that "leading questions are necessary and permitted on direct examination when a 'witness has difficulty understanding the question because of immaturity, age, infirmity or ignorance or when the inquiry is into a subject of delicate nature such as sexual matters.'" *State v. Higginbottom*, 312 N.C. 760, 767, 324 S.E. 2d 834, 840 (1985), *see also State v. Williams*, 303 N.C. 507, 279 S.E. 2d 592 (1981). Furthermore, it is within the discretion of the trial judge to permit leading questions in proper instances, and such discretionary action is reversible on appeal only upon a showing of abuse of discretion. *State v. Higginbottom*, 312 N.C. 760, 324 S.E. 2d 834; *State v. Clark*, 300 N.C. 116, 265 S.E. 2d 204 (1980). In the case *sub judice*, the prosecuting witness was six years old at the time of trial and was testifying about a matter of a very delicate nature. We are unable to say that the trial court abused its discretion in permitting the prosecutor to ask leading questions on direct examination of this witness.

Defendant strongly objects to the leading questions which referred to statements made by victim in pre-trial conferences on the grounds that victim's responses were largely influenced by the beliefs of the prosecutor and the victim's family as to defendant's guilt. In rejecting a claim that the child showed "heavy reliance on her mother's guidance, her lack of concentration and her susceptibility to influence," this Court, in *State v. Higginbottom*, 312 N.C. 760, 766, 324 S.E. 2d 834, 839, noted that the child simply displayed the mannerisms and characteristics of any four-year-old child. Similarly, while victim's responses in this case were tentative and needed encouragement, her behavior was not abnormal for her age. Victim's grandmother and legal guardian testified that the prosecutor discussed the case with victim on two occasions, both times in her presence. She stated that the

prosecutor never told victim what she should say at trial. Absent any evidence that victim's testimony was improperly obtained, we find no abuse of discretion by the trial court in permitting the prosecutor to ask leading questions which referred to statements made by victim during pre-trial conferences with the prosecutor. We reject defendant's assignment of error.

## II.

[2] Defendant next contends that the jury instruction relating to his character evidence presented at trial was erroneous and prejudicial because it did not inform the jury that character evidence could be considered both as substantive evidence and as evidence bearing on defendant's credibility.

Although defendant requested no instruction on the character evidence, the trial judge instructed as follows:

> Evidence has also been received with regard to the defendant's reputation. And although good character or good reputation is not any excuse for crime, the law recognizes that a person of good character may be less likely to commit a crime than one who lacks that character. Therefore, if you believe from the evidence that the defendant has a good character, you may consider this fact in your determination of the defendant's guilt or innocence and give it such weight as you decide it should receive in connection with all of the other evidence.

Defendant did not object to the instruction at trial. This Court has consistently held that "a failure to except or object to errors at trial constitutes a waiver of the right to assert the alleged error on appeal." *State v. Walker*, 316 N.C. 33, 37, 340 S.E. 2d 80, 82 (1986). *Accord* Rule 10(b)(2), North Carolina Rules of Appellate Procedure (1985). However, we have also decided that where the appellate court, upon an examination of the entire record, determines that an instructional error had a probable impact on the jury's finding of guilt, we would apply a "plain error" rule and require a new trial even though no objection or exception was made to the jury instructions at trial. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

It is a well-established rule that "when a defendant offers evidence of his good character and testifies in his own behalf, he is entitled to have the jury consider it as bearing on his credibility as a witness and as substantive evidence bearing directly on the issue of his guilt or innocence." *State v. Peek*, 313 N.C. 266, 273, 328 S.E. 2d 249, 254 (1985). Absent a specific request, the trial judge need not instruct on character evidence since it is a subordinate feature of a case. *Id.* However, when "the court undertakes to instruct the jury as to the legal significance of character evidence, and how it should be considered by the jury, incomplete instructions have been found to be sufficient grounds for a new trial." *Id.* at 273, 328 S.E. 2d at 254; *see also State v. Goss*, 293 N.C. 147, 235 S.E. 2d 844 (1977); *cf. State v. Wortham*, 240 N.C. 132, 81 S.E. 2d 254 (1951); *State v. Bridgers*, 233 N.C. 577, 64 S.E. 2d 867 (1954).

In the instant case, defendant testified in his own behalf and offered several character witnesses who testified as to his good reputation in his community.[2] Upon a specific request, defendant was entitled to an instruction which informed the jury that it could consider the character evidence as both substantive evidence and as evidence bearing on his credibility. Defendant made no request for an instruction on character evidence, and therefore no instruction was required. However, the trial court *ex mero motu* gave an instruction which failed to inform the jury that the character evidence could also be considered as bearing on defendant's credibility. Assuming, *arguendo*, that the incomplete instruction constituted error, we must now determine whether defendant, having failed to object at trial, is entitled to any relief on appeal. Defendant strenuously argues that the incomplete jury instruction was an error which had a probable impact on the jury's verdict, and consequently this Court should apply the "plain error" rule.

The "plain error" rule is applicable only in exceptional cases. *See State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375. In determining that an error committed at trial amounts to "plain error," the ap-

___

2. At the time of defendant's trial, character evidence was permitted only in the form of reputation evidence. The newly adopted North Carolina Rules of Evidence, N.C.G.S. § 8C-1, Rule 405(a) (effective 1 July 1984), provide that character evidence may be offered in the form of opinion or reputation evidence.

pellate court "must be convinced that absent the error the jury probably would have reached a different verdict." *State v. Walker*, 316 N.C. at 33, 340 S.E. 2d at --- (1986). In the instant case, we are not so convinced. The young victim testified and demonstrated with anatomically correct dolls that defendant hurt her in her pubic area with his penis. The child's mother testified that defendant confessed to committing the crime before leaving the house for an undisclosed destination. The medical examination revealed that the child had been sexually molested. Dr. Hammett, the examining physician, testified that penetration of victim's vagina had occurred. In light of this evidence, we cannot find that absent the error the jury probably would have reached a different result. Therefore, no "plain error" has been shown so as to entitle defendant to a new trial.

No error.

Justice BILLINGS did not participate in the consideration or decision of this case.