State v. Powell

---

STATE OF NORTH CAROLINA, APPELLEE v. GARY POWELL, APPELLANT

No. 8724SC1231

(Filed 20 September 1988)

**Larceny § 7.8— felonious larceny from drugstore — sufficiency of evidence — mistrial on breaking or entering charge**

> Defendant could properly be convicted of felonious larceny pursuant to a breaking or entering, though there was a mistrial on the breaking or entering charge, and evidence was sufficient on the larceny charge where it tended to show that defendant's friend dropped him off in front of a drugstore with a duffel bag and a "bumper jack"; the friend immediately heard glass breaking and an alarm sound; he drove up the road two miles and then returned for defendant; the friend saw that defendant's duffel bag appeared heavy; the two left the area; defendant and his girlfriend examined the drugs which defendant had taken, discarding them when he discovered that they were not what he wanted; and the drugs were valued at over $900.

APPEAL by defendant from *Griffin (Kenneth A.), Judge.* Judgment entered 28 May 1987 in Superior Court, AVERY County. Heard in the Court of Appeals 6 September 1988.

Defendant was charged in a proper bill of indictment with felonious breaking or entering with intent to commit larceny in violation of G.S. 14-54(a) and felonious larceny and possession of stolen goods having a value of $900.00 in violation of G.S. 14-72. The evidence at trial tends to show the following: On 7 February 1986 at approximately 3:00 a.m., Harold Peeler, a lifelong acquaintance of the defendant Gary Powell, drove defendant to Crossnore Drug Store so defendant could break in to steal the drugs, Valium and Dilaudid. Peeler let defendant out of the car in front of Crossnore Drug Store. Defendant was carrying a duffel bag and a "bumper jack." Immediately after defendant got out of the car, Peeler heard glass breaking and an alarm sound. On defendant's instructions, Peeler drove up the road two miles and then returned for defendant. When he returned to the drugstore to pick up defendant, Peeler saw that defendant's duffel bag appeared heavy. Peeler and defendant then left the area. Defendant and Peeler's girlfriend, Jennifer Auton, examined the drugs that defendant had taken. After discovering that he had not taken any Valium or Dilaudid, defendant left the drugs by the roadside.

Robert Taylor, owner and pharmacist of Crossnore Drug Store, testified that the large window at the front of the store had been knocked out, and a quantity of prescription drugs valued at $922.78 was missing.

The jury was unable to reach a verdict on the breaking or entering charge, and the judge declared a mistrial. Defendant was found guilty as charged of felonious larceny. From a judgment imposing a prison sentence of 10 years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Archie W. Anders, for the State.*

*C. Gary Triggs for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant, by his Assignment of Error No. 5, contends the trial court erred in not arresting judgment on defendant's conviction of felonious larceny. He argues that since there was a mistrial as to the breaking or entering charge, the jury could not find him guilty of felony larceny pursuant to breaking or entering. "A motion in arrest of judgment is directed to some fatal defect ap-

pearing on the face of the record." *State v. Goss*, 293 N.C. 147, 150, 235 S.E. 2d 844, 847 (1977). "When error does not appear on the face of the record proper, the judgment will be affirmed." *State v. Lindley*, 286 N.C. 255, 259, 210 S.E. 2d 207, 211 (1974). The bill of indictment, the verdict, and the judgment all conform. There is no defect on the face of the record. This assignment of error has no merit.

– Defendant, by his Assignment of Error No. 3, contends the trial court erred in instructing the jury that it could return a verdict on the charge of felonious larceny pursuant to breaking or entering. Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure provides: "No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection. . . ." Defendant failed to object before the jury retired to that portion of the judge's instructions to the jury to which he now takes exception, although the court gave him opportunities to object. Lacking a properly-preserved exception, this assignment of error has no merit.

Finally, defendant contends the trial court erred by denying defendant's motion "to dismiss the jury's verdict of felonious larceny for insufficiency of evidence to sustain a conviction." Under this assignment of error, defendant merely incorporates the arguments advanced under Assignments of Error No. 5 and No. 3. In reviewing the denial of a motion to dismiss, we must consider the evidence "in the light most favorable to the State to determine if there is substantial evidence of every essential element of the crime." *State v. McKinnon*, 306 N.C. 288, 298, 293 S.E. 2d 118, 125 (1982). We have reviewed the evidence in the record and find it was sufficient to show that defendant took the goods, and the goods had a value in excess of $400.00. This assignment of error has no merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges ARNOLD and WELLS concur.